Luis E. Lorenzana, Bar No. 248162
llorenzana@littler.com
Raquel Zilberman Rotman, Bar No. 334239
rzilberman@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone:  619.232.0441
Fax No.:     619.232.4302

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA WALLS, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a California corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. **'21CV1005 L    LL**<br><br>[Removed from San Diego Superior Court Case No. 37-2021-00009154-CU-CR-CTL]<br><br>**DECLARATION OF LUIS E. LORENZANA IN SUPPORT OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1331, 1349, 1441 and 1446**<br><br>Complaint Filed:  March 3, 2021 |

I, LUIS E. LORENZANA, declare as follows:

1.      I am an attorney admitted to practice in the State of California and am a shareholder in the law firm of Littler Mendelson, P.C., counsel of record for Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK ("Amtrak" or "Defendant") in this action. I make this Declaration in support of Defendant's Notice to Federal Court of Removal of Civil Action from State Court Pursuant to 28 U.S.C. Sections 1331, 1349, 1441 and 1446.  All of the information set forth herein is based on

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

1.

LORENZANA DECLARATION ISO
DEFENDANT'S NOTICE OF REMOVAL

my personal and firsthand knowledge or based on information and documents retained by our firm in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2. On March 3, 2021, Plaintiff Donna Walls ("Plaintiff") filed her Complaint in the Superior Court of the State of California for the County of San Diego entitled *Donna Walls, an individual, v. National Railroad Passenger Corporation dba Amtrak, a California corporation; and DOES 1 through 20, inclusive*, Case No. 37-2021-00009154-CU-CR-CTL (the "Complaint"). Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint, along with copies of the Civil Case Cover Sheet and Notice of Case Assignment.

3. On April 27, 2021, Defendant Amtrak was served with the Complaint, along with copies of the Civil Case Cover Sheet and Summons, Notice of Case Assignment, Notice of Eligibility to eFile, and ADR Information sheet through Defendant's registered agent for service of process. Attached hereto as **Exhibit B** is a true and correct copy of these documents.

4. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above.

5. To Defendant's knowledge, no other Defendant has been personally served with a copy of Plaintiff's Summons and Complaint, per California Code of Civil Procedure section 415.10.

6. To Defendant's knowledge, no previous Notice of Removal has been filed or made with this Court for the relief sought.

7. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, our office is providing written notice of the removal to Plaintiff's counsel of record: Erik S. Velie of Victory Law Group, LLP, located at 24324 Walnut Street, Suite A, Newhall, California 91321.

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

2.

LORENZANA DECLARATION ISO
DEFENDANT'S NOTICE OF REMOVAL

8.      In addition, a copy of the Notice of Removal will be filed with the Clerk of the Court for the San Diego County Superior Court.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 26th day of May, 2021, at San Diego, California.


/s/ Luis E. Lorenzana
LUIS E. LORENZANA

4851-8868-1706.1 / 090621-1122

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

3.

LORENZANA DECLARATION ISO
DEFENDANT'S NOTICE OF REMOVAL

# <u>EXHIBIT A</u>

*PB Hand deliver*

**SUM-100**

## SUMMONS
*(CITACION JUDICIAL)*

**RECEIVED**
AMTRAK
APR 27 2021
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
03/15/2021 at 09:25:00 AM
Clerk of the Superior Court
By Jose Hernandez, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a California corporation; and DOES 1 Through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONNA WALLS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Central Courthouse<br>330 W. Broadway, San Diego, California 92101 | CASE NUMBER: *(Número del Caso):*<br>37-2021-00009154-CU-CR-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erik Velie, Esq.; VICTORY LAW GROUP, LLP; 24324 Walnut Street, Suite A, Newhall, CA 91321; 661-367-6512

| DATE: 03/16/2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | J. Hernandez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Erik S. Velie [Bar No. 252446]<br>erikvelie@victorylawllp.com<br>VICTORY LAW GROUP, LLP<br>TELEPHONE NO.: 661-367-6512    FAX NO. *(Optional):* 855-640-7962<br>ATTORNEY FOR *(Name):* Plaintiff DONNA WALLS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/03/2021** at 11:32:37 AM<br>Clerk of the Superior Court<br>By Maria Acevedo,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: San Diego Central Courthouse

CASE NAME:
DONNA WALLS v. NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2021-00009154-CU-CR-CTL |
| | | | JUDGE: Judge Joel R. Wohlfeil<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [x] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Three: 1. Violation of ADA; 2. Violation of Unruh Civil Rights; 3. Negligence
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 1, 2021

Erik Velie, Esq.
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1  Erik S. Velie [Bar No. 252446]
   *erikvelie@victorylawllp.com*
2  VICTORY LAW GROUP, LLP
   24324 Walnut Street, Suite A
3  Newhall, CA 91321
   Telephone: (661) 367-6512
4  Facsimile: (855) 640-7962

5

6  Attorneys for Plaintiff, DONNA WALLS

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11

12 DONNA WALLS, an individual;          CASE NO. 37-2021-00009154-CU-CR-CTL

13          Plaintiff,                  COMPLAINT FOR DAMAGES FOR:

14 vs.                                  1) Violation of the Americans with
                                           Disabilities Act of 1990
15 NATIONAL RAILROAD PASSENGER          2) Violation of the Unruh Civil Rights
   CORPORATION dba AMTRAK, a               Act
16 California corporation; and DOES 1   3) Negligence
   Through 20, inclusive,
17
            Defendants.                 DEMAND FOR JURY TRIAL
18

19      COMES NOW Plaintiff, who requests a trial by jury, and alleges as follows:

20                              **THE PARTIES**

21      1.      Plaintiff DONNA WALLS is, and at all times herein mentioned was, a

22 individual with physical disabilities related to lumbar spine myelopathy and motor neuron

23 disease causing her consistent back pain and incontinence.  She is, and at all times herein

24 mentioned was, a resident of the County of San Diego, State of California.

25      2.      Plaintiff is informed and believes and based thereon alleges that Defendant

26 NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK is, and at all

27 times herein mentioned was, a corporation lawfully conducting business in the County of

28 San Diego, State of California.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

03/03/2021 at 11:32:37 AM

Clerk of the Superior Court
By Maria Acevedo, Deputy Clerk

1

8

3.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 20, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants are ascertained, plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities.  Plaintiff is informed and believes and thereon alleges that each defendant designated herein as a Doe is responsible in some manner for each other defendant's acts and omissions, and for the resulting injuries and damages to plaintiff, as alleged herein.

4.     At all times stated herein, the acts and omissions committed by each Defendant occurred with the permission, consent and ratification of each and every other Defendant, and as such, each Defendant is jointly and severable liable to Plaintiff.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

5.     On June 18, 2020, Plaintiff was a customer abord a train owned, operated, controlled managed, maintained and supervised by Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK and Defendants Does 1 through 20 (hereinafter collectively referred to as "The Defendants").  The Defendant's train was traveling from San Diego, California to Los Angeles, California, where Plaintiff intended to continue to Chicago, Illinois to attend her father's funeral, per reservation BD082C

6.     While on The Defendants' train, Plaintiff felt a sudden urgency to use the restroom and Plaintiff's physical disability causing incontinence required immediate access to a restroom.  However, when she got to the restroom, one of The Defendants' employees was cleaning it and who prevented Plaintiff from accessing the restroom after she informed the employee of her disability and needs.  Plaintiff then got the attention of one of The Defendants' security officers and informed him of her ongoing emergency need for access to a restroom.  The security officers brought Plaintiff to speak with one of The Defendants' supervisors who pointed out the existence of a restroom at the rear of the train.  Plaintiff informed the supervisor that she could not walk the length of the train and

9

1 │ that she was incontinent and needed access of the restroom that was being cleaned.  The
2 │ supervisor told Plaintiff she would have to wait, at which point Plaintiff lost her ability to
3 │ control herself and urinated down her leg while in front of The Defendants' supervisor.
4 │ Despite being told that Plaintiff suffered a physical disability and was incontinent, The
5 │ Defendants' supervisor and other employees informed Plaintiff she would not be allowed
6 │ to remain on the train after they reached Los Angeles, California.

7 │     7.      Plaintiff believes and herein alleged that The Defendants' train and
8 │ employees did not comply with the standards set forth by the Americans with Disabilities
9 │ Act, specifically the access to restrooms for the disabled.  The Defendants' failure to make
10 │ available the restrooms upon request and upon learning of Plaintiff's disability and the
11 │ emergency circumstances was a violation of the Americans with Disabilities Act.  A

12 │     8.      As a direct and proximate cause of The Defendants' violations and wrongful
13 │ conduct, Plaintiff urinated herself in public, suffered significant severe emotional distress,
14 │ anxiety, embarrassment and mental anguish.  Plaintiff was forced by The Defendants'
15 │ supervisor and employees to take a Greyhound Bus across country to Chicago, Illinois, and
16 │ in doing so she suffered severe physical pain and injury when aggravating her lumbar
17 │ spine myelopathy condition by remaining seated for such an extended period of time.

18 │
19 │ **FIRST CAUSE OF ACTION**
20 │ **Violation of the Americans with Disabilities Act of 1990**
21 │ **(Against All Defendants)**
22 │     9.      Plaintiff incorporates by reference the allegations contained in Paragraphs 1
23 │ through 8, inclusive, above in this Complaint as if the same had been fully set forth below.
24 │     10.    Under the Americans with Disabilities Act, it is an act of discrimination to
25 │ fail to ensure that the privileges, advantages, accommodations, facilities, good and services
26 │ of any place of public accommodation is offered on a full and equal basis by anyone who
27 │ owns, leases, or operates a place of public accommodation. See U.S.C. section 12182(a).
28 │     11.    Discrimination is defined, inter alia, as follows:

10

COMPLAINT FOR DAMAGES

a.  A Failure to make reasonable modifications in policies, practices or procedures, when such modification is necessary to afford, goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. See U.S.C. section 12182(b)(2)(A)(ii).

12.  Here, The Defendants failed to modifications their policies and procedures so as to provide someone with Plaintiff's disability access to a restroom upon request.

13.  A public accommodation must maintain in operable working condition those features of its facilities and equipment that required to be reasonably accessible to and usable by persons with disabilities. 28 C.F.R Section 32.211(a).

14.  Here, The Defendants failed to maintain in operable working condition the restroom on the train so as to be readily available for Plaintiff to use.

15.  Here, The Defendants then forced Plaintiff off the train after she succumbed to her disability and urinated herself in front of The Defendants' supervisor.  Rather than providing assistance or access to the restroom so that Plaintiff could regain her composure and clean herself, The Defendants' supervisor and employees felt it was necessary to kick Plaintiff off the train for no reason other than she was disabled and incontinent.

16.  Here, The Defendants violated the law when they failed to modify their policies and procedures so as to stop cleaning the restrooms when a disabled individual who is incontinent requests access, when they failed to maintain in operable working condition the restroom on the train so as to be readily available for Plaintiff to use necessary, and they denied her access to their services by kicking her off the train for no reason other than her disability.

## SECOND CAUSE OF ACTION

### Violation of the Unruh Civil Rights Act

### (Against All Defendants)

17.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 16, inclusive, above in this Complaint as if the same had been set forth below.

18.     The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civil Code section 51(b).

19.     The Unruh Act provides that a violation of the Americans with Disabilities Act is a violation of the Unruh Act. Cal. Civ. Code section 51(f).

20.     Defendants' acts and omissions, as alleged herein, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

21.     Because of the violation of the Unruh Civil Rights Act resulted in physical injury to Plaintiff, discomfort and embarrassment, The Defendants are each responsible for statutory damages, i.e. a civil penalty.  Cal. Civil Code section 55.56 (a)-(c). .

## THIRD CAUSE OF ACTION

### Negligence

### (Against All Defendants)

22.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 21, inclusive, above in this Complaint as if the same had been set forth below.

23.     Plaintiff is informed and believe, and thereon alleges, that at all times mentioned herein, The Defendants, inclusive, owed a duty of care to all reasonably foreseeable people, invitees and guests, including Plaintiff, to own, operate, maintain, and manage their trains so as to not cause them to suffer severe emotional distress, anxiety, embarrassment and mental anguish as a result of their conduct and policies.

24.     Plaintiff is informed and believe, and thereon alleges, that on or about June 18, 2020, The Defendants policies and procedures resulted in Plaintiff not being provided access to a restroom on the train resulting in her urinating herself in public.  To make

12

1 matters worse, The Defendants then kicked Plaintiff of the train and denied her access to

2 their services for no reason other than her disability and incontinence.

3     25.      Plaintiff is informed and believe, and thereon alleges, that it was

4 unreasonable for The Defendants to not have a working, accessible restroom to the

5 disabled on or about June 18, 2020, at the time that Plaintiff required one.  Further, that

6 The Defendants knew or should have reasonably known that by denying Plaintiff access to

7 the restroom when she requested it would result in her suffering physical and emotional

8 harm, as well as mental anguish.

9     26.      As a direct and proximate result of The Defendants wrongful and negligent

10 conduct, Plaintiff suffered physical and emotional harm, including severe emotional

11 distress, anxiety, embarrassment and mental anguish.  As a result of such injuries, Plaintiff

12 seeks general damages and special damages in an amount to be proved at the time of trial.

13 **PRAYER**

14     WHEREFORE, plaintiff demands judgment against each defendant for the following:

15     1.  For damages under the Unruh Civil Rights Act, which provides for actual

16     damages and a statutory minimum of $4,000 for each offense.

17     2.  For reasonable attorneys fees and litigation costs pursuant to 42 U.S.C. section

18     12205 and Cal. Civ. Code section 52.

19     3.  For general damages in an amount to be determined at trial.

20     4.  For special damages in an amount to be determined at trial.

21     5.  Costs of this action.

22     6.  For such other relief as the Court considers proper.

23

24 DATED:  March 1, 2021          VICTORY LAW GROUP, LLP

25

26           By: _____

27           Erik S. Velie, Esq.

28           Attorneys for Plaintiff, DONNA WALLS

13

COMPLAINT FOR DAMAGES

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

| PLAINTIFF(S) / PETITIONER(S):   Donna Walls |
|---|
| DEFENDANT(S) / RESPONDENT(S):   National Railroad Passenger Corporation |
| |
| WALLS VS NATIONAL RAILROAD PASSENGER CORPORATION [IMAGED] |

| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2021-00009154-CU-CR-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Joel R. Wohlfeil                                      Department: C-73

**COMPLAINT/PETITION FILED:** 03/03/2021

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 08/20/2021 | 01:30 pm | C-73 | Joel R. Wohlfeil |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# **<u>EXHIBIT B</u>**

*PB Hand deliver*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**RECEIVED**
AMTRAK
APR 27 2021
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
03/15/2021 at 09:25:00 AM
Clerk of the Superior Court
By Jose Hernandez, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a California corporation; and DOES 1 Through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONNA WALLS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| San Diego Central Courthouse<br>330 W. Broadway, San Diego, California 92101 | 37-2021-00009154-CU-CR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erik Velie, Esq.; VICTORY LAW GROUP, LLP; 24324 Walnut Street, Suite A, Newhall, CA 91321; 661-367-6512

| DATE: 03/15/2021 *(Fecha)* | Clerk, by *(Secretario)* J. Hernandez | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Erik S. Velie [Bar No. 252446]<br>erikvelje@victorylawllp.com<br>VICTORY LAW GROUP, LLP<br><br>TELEPHONE NO.: 661-367-6512   FAX NO. *(Optional):* 855-640-7962<br>ATTORNEY FOR *(Name):* Plaintiff DONNA WALLS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/03/2021** at 11:32:37 AM<br>Clerk of the Superior Court<br>By Maria Acevedo,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: San Diego Central Courthouse

CASE NAME:
DONNA WALLS v. NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2021-00009154-CU-CR-CTL |
| | | | | JUDGE: Judge Joel R. Wohlfeil<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [x] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [x] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Three: 1. Violation of ADA; 2. Violation of Unruh Civil Rights; 3. Negligence
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  March 1, 2021

Erik Velie, Esq.
_____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

Erik S. Velie [Bar No. 252446]
*erikvelie@victorylawllp.com*
VICTORY LAW GROUP, LLP
24324 Walnut Street, Suite A
Newhall, CA 91321
Telephone: (661) 367-6512
Facsimile: (855) 640-7962

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

03/03/2021 at 11:32:37 AM

Clerk of the Superior Court
By Maria Acevedo,Deputy Clerk

Attorneys for Plaintiff, DONNA WALLS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| DONNA WALLS, an individual;<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION dba AMTRAK, a<br>California corporation; and DOES 1<br>Through 20, inclusive,<br><br>        Defendants. | CASE NO. 37-2021-00009154-CU-CR-CTL<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1) Violation of the Americans with<br>Disabilities Act of 1990<br>2) Violation of the Unruh Civil Rights<br>Act<br>3) Negligence<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, who requests a trial by jury, and alleges as follows:

### **THE PARTIES**

1.      Plaintiff DONNA WALLS is, and at all times herein mentioned was, a individual with physical disabilities related to lumbar spine myelopathy and motor neuron disease causing her consistent back pain and incontinence.  She is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

2.      Plaintiff is informed and believes and based thereon alleges that Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK is, and at all times herein mentioned was, a corporation lawfully conducting business in the County of San Diego, State of California.

19

1

3.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 20, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants are ascertained, plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities. Plaintiff is informed and believes and thereon alleges that each defendant designated herein as a Doe is responsible in some manner for each other defendant's acts and omissions, and for the resulting injuries and damages to plaintiff, as alleged herein.

4. At all times stated herein, the acts and omissions committed by each Defendant occurred with the permission, consent and ratification of each and every other Defendant, and as such, each Defendant is jointly and severable liable to Plaintiff.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

5.   On June 18, 2020, Plaintiff was a customer abord a train owned, operated, controlled managed, maintained and supervised by Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK and Defendants Does 1 through 20 (hereinafter collectively referred to as "The Defendants"). The Defendant's train was traveling from San Diego, California to Los Angeles, California, where Plaintiff intended to continue to Chicago, Illinois to attend her father's funeral, per reservation BD082C

6.   While on The Defendants' train, Plaintiff felt a sudden urgency to use the restroom and Plaintiff's physical disability causing incontinence required immediate access to a restroom. However, when she got to the restroom, one of The Defendants' employees was cleaning it and who prevented Plaintiff from accessing the restroom after she informed the employee of her disability and needs. Plaintiff then got the attention of one of The Defendants' security officers and informed him of her ongoing emergency need for access to a restroom. The security officers brought Plaintiff to speak with one of The Defendants' supervisors who pointed out the existence of a restroom at the rear of the train. Plaintiff informed the supervisor that she could not walk the length of the train and

1  that she was incontinent and needed access of the restroom that was being cleaned. The

2  supervisor told Plaintiff she would have to wait, at which point Plaintiff lost her ability to

3  control herself and urinated down her leg while in front of The Defendants' supervisor.

4  Despite being told that Plaintiff suffered a physical disability and was incontinent, The

5  Defendants' supervisor and other employees informed Plaintiff she would not be allowed

6  to remain on the train after they reached Los Angeles, California.

7       7.       Plaintiff believes and herein alleged that The Defendants' train and

8  employees did not comply with the standards set forth by the Americans with Disabilities

9  Act, specifically the access to restrooms for the disabled. The Defendants' failure to make

10  available the restrooms upon request and upon learning of Plaintiff's disability and the

11  emergency circumstances was a violation of the Americans with Disabilities Act. A

12       8.       As a direct and proximate cause of The Defendants' violations and wrongful

13  conduct, Plaintiff urinated herself in public, suffered significant severe emotional distress,

14  anxiety, embarrassment and mental anguish. Plaintiff was forced by The Defendants'

15  supervisor and employees to take a Greyhound Bus across country to Chicago, Illinois, and

16  in doing so she suffered severe physical pain and injury when aggravating her lumbar

17  spine myelopathy condition by remaining seated for such an extended period of time.

18

19                          **FIRST CAUSE OF ACTION**

20              **Violation of the Americans with Disabilities Act of 1990**

21                          **(Against All Defendants)**

22       9.       Plaintiff incorporates by reference the allegations contained in Paragraphs 1

23  through 8, inclusive, above in this Complaint as if the same had been fully set forth below.

24       10.      Under the Americans with Disabilities Act, it is an act of discrimination to

25  fail to ensure that the privileges, advantages, accommodations, facilities, good and services

26  of any place of public accommodation is offered on a full and equal basis by anyone who

27  owns, leases, or operates a place of public accommodation. See U.S.C. section 12182(a).

28       11.      Discrimination is defined, inter alia, as follows:

    a.   A Failure to make reasonable modifications in policies, practices or procedures, when such modification is necessary to afford, goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. See U.S.C. section 12182(b)(2)(A)(ii).

12.     Here, The Defendants failed to modifications their policies and procedures so as to provide someone with Plaintiff's disability access to a restroom upon request.

13.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that required to be reasonably accessible to and usable by persons with disabilities. 28 C.F.R Section 32.211(a).

14.     Here, The Defendants failed to maintain in operable working condition the restroom on the train so as to be readily available for Plaintiff to use.

15.     Here, The Defendants then forced Plaintiff off the train after she succumbed to her disability and urinated herself in front of The Defendants' supervisor.  Rather than providing assistance or access to the restroom so that Plaintiff could regain her composure and clean herself, The Defendants' supervisor and employees felt it was necessary to kick Plaintiff off the train for no reason other than she was disabled and incontinent.

16.     Here, The Defendants violated the law when they failed to modify their policies and procedures so as to stop cleaning the restrooms when a disabled individual who is incontinent requests access, when they failed to maintain in operable working condition the restroom on the train so as to be readily available for Plaintiff to use necessary, and they denied her access to their services by kicking her off the train for no reason other than her disability.

## SECOND CAUSE OF ACTION

### Violation of the Unruh Civil Rights Act

### (Against All Defendants)

22

17.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 16, inclusive, above in this Complaint as if the same had been set forth below.

18.     The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civil Code section 51(b).

19.     The Unruh Act provides that a violation of the Americans with Disabilities Act is a violation of the Unruh Act. Cal. Civ. Code section 51(f).

20.     Defendants' acts and omissions, as alleged herein, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

21.     Because of the violation of the Unruh Civil Rights Act resulted in physical injury to Plaintiff, discomfort and embarrassment, The Defendants are each responsible for statutory damages, i.e. a civil penalty.  Cal. Civil Code section 55.56 (a)-(c). .

## THIRD CAUSE OF ACTION

### Negligence

### (Against All Defendants)

22.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 21, inclusive, above in this Complaint as if the same had been set forth below.

23.     Plaintiff is informed and believe, and thereon alleges, that at all times mentioned herein, The Defendants, inclusive, owed a duty of care to all reasonably foreseeable people, invitees and guests, including Plaintiff, to own, operate, maintain, and manage their trains so as to not cause them to suffer severe emotional distress, anxiety, embarrassment and mental anguish as a result of their conduct and policies.

24.     Plaintiff is informed and believe, and thereon alleges, that on or about June 18, 2020, The Defendants policies and procedures resulted in Plaintiff not being provided access to a restroom on the train resulting in her urinating herself in public.  To make

23

5

1  matters worse, The Defendants then kicked Plaintiff of the train and denied her access to

2  their services for no reason other than her disability and incontinence.

3      25.       Plaintiff is informed and believe, and thereon alleges, that it was

4  unreasonable for The Defendants to not have a working, accessible restroom to the

5  disabled on or about June 18, 2020, at the time that Plaintiff required one.  Further, that

6  The Defendants knew or should have reasonably known that by denying Plaintiff access to

7  the restroom when she requested it would result in her suffering physical and emotional

8  harm, as well as mental anguish.

9      26.       As a direct and proximate result of The Defendants wrongful and negligent

10  conduct, Plaintiff suffered physical and emotional harm, including severe emotional

11  distress, anxiety, embarrassment and mental anguish.  As a result of such injuries, Plaintiff

12  seeks general damages and special damages in an amount to be proved at the time of trial.

13  **PRAYER**

14      WHEREFORE, plaintiff demands judgment against each defendant for the following:

15      1.  For damages under the Unruh Civil Rights Act, which provides for actual

16      damages and a statutory minimum of $4,000 for each offense.

17      2.  For reasonable attorneys fees and litigation costs pursuant to 42 U.S.C. section

18      12205 and Cal. Civ. Code section 52.

19      3.  For general damages in an amount to be determined at trial.

20      4.  For special damages in an amount to be determined at trial.

21      5.  Costs of this action.

22      6.  For such other relief as the Court considers proper.

23

24  DATED:  March 1, 2021          VICTORY LAW GROUP, LLP

25

26  By: _____

27  Erik S. Velie, Esq.

28  Attorneys for Plaintiff, DONNA WALLS

24

COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

| PLAINTIFF(S) / PETITIONER(S):   Donna Walls |
|---|
| DEFENDANT(S) / RESPONDENT(S):  National Railroad Passenger Corporation |
| |
| WALLS VS NATIONAL RAILROAD PASSENGER CORPORATION [IMAGED] |

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2021-00009154-CU-CR-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Joel R. Wohlfeil                                         Department: C-73

## COMPLAINT/PETITION FILED: 03/03/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/20/2021 | 01:30 pm | C-73 | Joel R. Wohlfeil |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00009154-CU-CR-CTL        CASE TITLE: Walls vs National Railroad Passenger Corporation [IMAGED

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
       **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
       **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
       **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

- **Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has been developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.